UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

RUDOLPH BETANCOURT, Individually,

    Plaintiff,

vs.                                            Case No.

VARAD HOSPITALITY LLC, a Florida
Limited Liability Company,

    Defendant.
_____/

## **COMPLAINT**
(*Injunctive Relief Requested*)

Plaintiff, RUDOLPH BETANCOURT, Individually, on his behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, VARAD HOSPITALITY LLC, a Florida Limited Liability Company, doing business as Days Inn by Wyndham Stuart (herein sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 USC § 12181, *et seq*. ("ADA").

1. Plaintiff, Rudolph Betancourt, is an individual residing in Fenwick, MI, in the County of Montcalm.

2. Defendant's property, Days Inn by Wyndham Stuart, is located at 1200 SE Federal Hwy., Stuart, FL 34994, in the County of Martin.

3. Venue is properly located in the Southern District of Florida because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 USC § 1331 and 28 USC § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 USC § 12181, *et seq*.  *See also*, 28 USC § 2201 and § 2202.

5. Rudolph Betancourt is a Michigan resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Betancourt is a double amputee who uses either prosthetic devices and/or a wheelchair for mobility.

6. Rudy Betancourt regularly comes to South Florida from Michigan to see relatives and friends.  His aunt lives in Stuart.  He has friends in the area from the US Marine Corps.  Mr. Betancourt served 8.5 years in the United States Marine Corps.  He also advocates for disabled rights.  He enjoys in the Stuart area the weather and plethora of cultural events and eating establishments.  He also enjoys the beaches and the surrounding areas.

7. Mr. Betancourt stayed as a hotel guest at the subject hotel, which forms the basis of this lawsuit, on July 25, 2022, and he intends to return to the subject hotel on July 5, 2023 pursuant to a confirmed reservation, once the hotel is made accessible for his use, to avail himself of the goods and services at the property and to confirm the property is brought into compliance with its ADA.

8. Mr. Betancourt intends to continue to return to the South Florida area on a regular basis, and he definitely shall be returning to Stuart in the near future.

9. The barriers to access at the subject property have endangered his safety.

10. Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA.  The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Days Inn by Wyndham Stuart, and is located at 1200 SE Federal Hwy., Stuart, FL 34994.

11. Rudolph Betancourt has a realistic, credible, existing and continuing threat of

discrimination from the Defendant's non-compliance with the ADA with respect to the property as described but not necessarily limited to the allegations delineated in this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.  Mr. Betancourt desires to visit Days Inn by Wyndham Stuart, not only to avail himself of the goods and services available at the property, but to assure himself that the property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff, by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 USC § 12182 et seq.

13. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A preliminary inspection of Days Inn by Wyndham Stuart has shown that violations exist.  These violations which Rudolph Betancourt personally encountered or observed, and which were confirmed by an ADA expert include, but are not limited to:

**Accessible Parking**

14. There is no marked access aisle at the passenger loading zone adjacent to the vehicle pull-up space.

15. This makes it difficult for the Plaintiff to locate same.

16. The foregoing is in violation of Section 503.3 of the 2010 ADA Standards.

17. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Route**

18. The facility does not provide a compliant accessible route within site from the accessible parking spaces to the facility entrances they serve.

3

19. This makes it difficult for Plaintiff to traverse the property.

20. The foregoing is in violation of Sections 206.1 and 206.2.1 of the 2010 ADA Standards.

21. The remediation of the foregoing ADA violation is readily achievable.

22. The ramp leading from the accessible parking to the lobby entrance does not provide compliant handrails on both sides of the ramp.

23. This makes it difficult for the Plaintiff to utilize.

24. The foregoing is in violation of Section 505.10.1 of the 2010 ADA Standards.

25. The remediation of the foregoing ADA violation is readily achievable.

26. The ramp leading from the accessible parking to the lobby entrance has a beveled change in level exceeding the maximum allowance of ½ inch.

27. This makes it difficult for the Plaintiff to traverse.

28. The foregoing is in violation of Sections 302.1 and 303.2 of the 2010 ADA Standards.

29. The remediation of the foregoing ADA violation is readily achievable.

30. The indoor and outdoor mats located at the main lobby entrance are not securely attached to the floor and ground surface as required.

31. This condition makes it difficult for the Plaintiff to safely traverse the property.

32. The foregoing is in violation of Sections 403.2 and 302.2 of the 2010 ADA Standards.

33. The remediation of the foregoing ADA violation is readily achievable.

**Common Lobby Area**

34. The lowered service counter length is not 36 inches minimum as required for either a parallel approach or front approach.

35. This makes it difficult for the Plaintiff to utilize the service counter.

36. The foregoing is in violation of Sections 904.4.1 and 904.4.2 in the 2010 ADA Standards.

37. The remediation of the foregoing ADA violation is readily achievable.

### **Men's Public Restroom**

38. The men's public restroom signage does not provide the international symbol of accessibility (ISA) as required.

39. This makes it difficult for the Plaintiff to identify the accessible restrooms.

40. The foregoing is in violation of Sections 216.8 and 703.7.2.1 in the 2010 ADA Standards.

41. The remediation of the foregoing ADA violation is readily achievable.

42. The restroom door does not provide compliant 18 inch of latch side clearance parallel to the doorway to exit the restroom.

43. This makes it difficult for the Plaintiff to exit the restroom.

44. The foregoing is in violation of Section 404.2.4 of the 2010 ADA Standards.

45. The remediation of the foregoing ADA violation is readily achievable.

46. The lavatories do not provide compliant clear floor space positioned for a forward approach and does not allow for the required knee and toe clearance.

47. This makes it difficult for the Plaintiff to utilize.

48. The foregoing is in violation of Sections 213.3.4, 606.2, 306.3.1 and 305 of the 2010 ADA Standards.

49. The remediation of the foregoing ADA violation is readily achievable.

50. The trash receptacle is obstructing the clear floor space for an approach to the paper towel dispenser.

51. This makes it difficult for the Plaintiff to utilize.

52. The foregoing is in violation of Sections 305.3 and 305.5 of the 2010 ADA Standards.

53. The remediation of the foregoing ADA violation is readily achievable.

54. The toilet compartment stalls are not the compliant size.

55. This makes it difficult for the Plaintiff to utilize.

56. The foregoing is in violation of Sections 213.3.1 and 604.8.1.1 in the 2010 ADA Standards.

57. The remediation of the foregoing ADA violation is readily achievable.

**Swimming Pool Area**

58. The ramp leading to the pool entry gate does not provide compliant handrails on both sides of the ramp as required.

59. This makes it difficult for the Plaintiff to utilize.

60. The foregoing is in violation of Section 505.10.1 of the 2010 ADA Standards.

61. The remediation of the foregoing ADA violation is readily achievable.

62. The pool area does not provide at least 5% of compliant seating at the tables as required.

63. This makes it difficult for the Plaintiff to locate accessible seating.

64. The foregoing is in violation of Section 226.1 of the 2010 ADA Standards.

65. The remediation of the foregoing ADA violation is readily achievable.

66. The tables do not provide compliant knee and toe clearance as required.

67. This makes it difficult for the Plaintiff to utilize.

68. The foregoing is in violation of Sections 306.2 and 306.3 of the 2010 ADA Standards.

69. The remediation of the foregoing ADA violation is readily achievable.

**Outdoor Tiki Bar Area**

70. The stairs to the bar area do not provide compliant handrails on both sides with extensions at the top and bottom as required.

71. This makes it difficult for the Plaintiff to utilize.

72. The foregoing is in violation of Sections 505.10.2 and 505.10.3 of the 2010 ADA Standards.

73. The remediation of the foregoing ADA violation is readily achievable.

74. The bar area does not provide at least 5% of compliant seating at the bar as required.

75. This makes it difficult for the Plaintiff to utilize locate accessible tables.

6

76. The foregoing is in violation of Section 226.1 of the 2010 ADA Standards.

77. The remediation of the foregoing ADA violation is readily achievable.

78. The dining tables and bar counter exceed the maximum height requirement of 34 inches above the finish floor.

79. This makes it difficult for the Plaintiff to utilize.

80. The foregoing is in violation of Section 902.3 of the 2010 ADA Standards.

81. The remediation of the foregoing ADA violation is readily achievable.

**Accessible Guest Room 102**

82. The closet rack, hanger rod and iron are located above the maximum reach range of 48 inches above the finish floor.

83. This makes it difficult for the Plaintiff to utilize.

84. The foregoing is in violation of Sections 811.3 and 308.2.1 of the 2010 ADA Standards.

85. The remediation of the foregoing ADA violation is readily achievable.

86. The curtain rod is located above the 48 inches maximum reach range allowance and requires tight grasping to operate.

87. This makes it difficult for the Plaintiff to utilize.

88. The foregoing is in violation of Sections 806.2.1, 308.2.1, 309.3 and 309.4 of the 2010 ADA Standards.

89. The remediation of the foregoing ADA violation is readily achievable.

90. The bed obstructs the 36 inches of clear width for an approach to the air conditioner unit and floor lamp.

91. This makes it difficult for the Plaintiff to utilize.

92. The foregoing is in violation of Section 403.5.1 of the 2010 ADA Standards.

93. The remediation of the foregoing ADA violation is readily achievable.

94. The lavatory does not provide compliant knee and toe clearance.

95. This makes it difficult for the Plaintiff to utilize.

96. The foregoing is in violation of Sections 806.2.4, 606.2, 306.2 and 306.3 of the 2010 ADA Standards.

97. The remediation of the foregoing ADA violation is readily achievable.

98. The hair dryer is located above the 48 inches maximum reach range allowance.

99. This makes it difficult for the Plaintiff to utilize.

100. The foregoing is in violation of Section 308.2.2 of the 2010 ADA Standards.

101. The remediation of the foregoing ADA violation is readily achievable.

102. The trash receptacle and lavatory obstructs the 60 x 56 inches of clear floor space around the water closet.

103. This makes it difficult for the Plaintiff to utilize.

104. The foregoing is in violation of Section 604.3.1 of the 2010 ADA Standards.

105. The remediation of the foregoing ADA violation is readily achievable.

106. The standard roll-in type shower does not provide a permanent folding seat as required in transient lodging.

107. This makes it difficult for the Plaintiff to utilize.

108. The foregoing is in violation of Sections 806.2 and 608.4 of the 2010 ADA Standards.

109. The remediation of the foregoing ADA violation is readily achievable.

110. The standard roll-in type shower does not provide grab bars in the compliant locations when a seat is required.

111. This makes it difficult for the Plaintiff to utilize.

112. The foregoing is in violation of Sections 806.2 and 608.3.2 of the 2010 ADA Standards.

113. The remediation of the foregoing ADA violation is readily achievable.

114. The shower spray unit exceeds the maximum height requirement of 48 inches above the finish floor.

115. This makes it difficult for the Plaintiff to reach.

116. The foregoing is in violation of Sections 308.2, 309.3, and 608.5.2 of the 2010 ADA Standards.

117. The remediation of the foregoing ADA violation is readily achievable.

118. The controls in the standard roll-in type shower do not provide the controls in the compliant location on the back wall as required.

119. This makes it difficult for the Plaintiff to utilize.

120. The foregoing is in violation of Section 608.5.2 of the 2010 ADA Standards.

121. The remediation of the foregoing ADA violation is readily achievable.

**Lack of Complaint Disabled Rooms Properly Disbursed**

122. The subject hotel lacks the required number of compliant disabled rooms, and the disabled rooms are not dispersed amongst the various classes of guest rooms.

123. The foregoing, in violation of Section 224.5 of the 2010 ADAAG.

**Maintenance**

124. The accessible features of the facility are not maintained.

125. This creates barriers to access for Rudolph Betancourt, as set forth herein.

126. The foregoing is in violation of 28 CFR 36.211.

127. The remediation of the foregoing ADA violation is readily achievable.

128. All of the foregoing cited violations are violations of both the 1991 Americans with Disabilities Act Guidelines (ADAAG) and the 2010 Standards for Accessible Design, as adopted by the Department of Justice.

129. The discriminatory violations described in paragraphs above are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been

discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

130. Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 USC § 12181, *et seq.* and 28 CFR 36.302, *et seq.* Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

131. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

132. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 USC § 12205 and 28 CFR 36.505.

133. Defendant is required to remove the existing architectural barriers to the physically disabled, when such removal is readily achievable for its place of public

accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

134.   Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

135.   Pursuant to 42 USC § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter Days Inn by Wyndham Stuart, to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 USC § 12181 et seq.

B.     Injunctive relief against the Defendant, including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

    and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

C.   An award of attorney's fees, costs and litigation expenses pursuant to 42 USC § 12205.

D.   The Order shall further require the Defendant to maintain the required accessible features on an ongoing basis.

E.   Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

                Respectfully submitted,

                <u>/s/John P. Fuller</u>
                John P. Fuller, Esq.
                FL Bar No. 0276847
                Brandon A. Rotbart, Esq., Of Counsel
                FL Bar No. 124771
                FULLER, FULLER & ASSOCIATES, P.A.
                12000 Biscayne Blvd., Suite 502
                North Miami, FL 33181
                (305) 891-5199
                (305) 893-9505 - Facsimile
                jpf@fullerfuller.com
                rotbart@rotbartlaw.com

                *Counsel for Plaintiff Rudolph Betancourt*